814 So.2d 1172 (2002)
Philome MONDESIR, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D00-3370, 3D00-3320, 3D00-3247.
District Court of Appeal of Florida, Third District.
April 17, 2002.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Frank J. Ingrassia (Fort Lauderdale), for appellee.
Before SCHWARTZ, C.J., and GODERICH and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
Mondesir was on probation in case number 99-12867 for one count of possession of cocaine with intent to sell in violation of section 893.13(1)(a), Florida Statutes (1999) and one count of sale, manufacture, or delivery of cocaine in violation of section 893.13(1)(a), Florida Statutes (1999), when he committed and was convicted in case number 00-687 of aggravated assault with a firearm in violation of section 784.021(1)(a), Florida Statutes (1999), (count I), kidnaping with a firearm in violation of section 787.01, Florida Statutes (1999), (count II), car jacking with a firearm in violation of section 812.133(2)(a), Florida Statutes (1999), (count III), robbery with a firearm in violation of section 812.13(2)(a), Florida Statutes (1999), (count V), and possession of a firearm during the *1173 commission of the other four felonies in violation of section 790.07(2), Florida Statutes (1999), (count IV). His probation was revoked and he was sentenced to 141 months under the guidelines on the cocaine charges. Since the substantive firearm offenses were subject to the sentencing provisions of the so called 10-20-life law, section 775.087(2)(a), Florida Statutes (2000), he received terms of imprisonment of five years and 141 months under that statute. All of the sentences in both the probation and the new case, however, were ordered to be served concurrently. The defendant appeals from the judgment and sentences and the state cross-appeals challenging the failure to order consecutive sentences. We agree in part and disagree in part with both positions.

I.
Treating the direct appeal first, we find no merit in the claims of evidentiary insufficiency or trial error raised by the defendant. We do agree that the conviction and sentence on the possession charge (Count IV) cannot stand because they are improperly duplicative of the substantive charges and thus violate the defendant's double jeopardy rights. See Cleveland v. State, 587 So.2d 1145 (Fla.1991); State v. Brown, 633 So.2d 1059 (Fla.1994); Washington v. State, 597 So.2d 840 (Fla. 3d DCA 1992). Hence, the conviction and sentence as to Count IV are vacated.

II.
Turning to the cross-appeal, we first agree with the state that the statute, section 775.087(2)(d), Florida Statutes (2000),[1] which unequivocally requires that the substantive sentences be imposed "consecutively to any other term of imprisonment imposed for any other felony offense" requires the sentences on the remaining charges be served consecutively to those in the cocaine case. State v. Cherry, 801 So.2d 278 (Fla. 4th DCA 2001).
The state argues that the statute also requires consecutive sentences as to each of the four 10-20-life offenses. As to this, we do not agree. Merely on the face of the statute, the reference to "any other" felony refers, as in this case, only to another separate crime, rather than those involved in a single prosecution.[2] In the comments to its Final Analysis of CS/ CS/HB 113 (SB 194), which became Chapter 99-12, Laws of Florida, and subsection 775.087(2), the Committee on Crime and Punishment in the House of Representatives so stated:
Consecutive Sentences
The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other. (e.s.)

*1174 III.
In accordance with this opinion, the judgment and sentence as to Count IV is vacated, and the concurrent five year and 141 month sentences in the substantive case on the remaining charges are ordered to be run consecutively with the concurrent 141 month sentences in the cocaine probation violation case.[3] The conviction and sentences under review are otherwise affirmed.
NOTES
[1] (d) It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
[2] Even so much as a doubt on this question would be resolved under the rule of lenity in favor of the defendant. See Rodriguez v. State, 773 So.2d 1222 (Fla. 3d DCA 2000).
[3] The defendant need not be present when this is accomplished below.