845 So.2d 895 (2003)
Deron Delarease GREEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3082.
District Court of Appeal of Florida, Third District.
March 5, 2003.
Rehearing and Rehearing Denied May 28, 2003.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Michael J. Neimand, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
Rehearing and Rehearing En Banc Denied May 28, 2003.
GODERICH, Judge.
The defendant, Devon Delarease Green, appeals from his convictions and sentences for armed burglary with a firearm and armed robbery with a firearm. We affirm, in part, and reverse, in part.
In the instant case, the trial court sentenced the defendant to twenty-five years imprisonment with a concurrent fifteen year minimum mandatory sentence as a habitual violent felony offender. In addition, for possession of a firearm, the trial court imposed a ten year minimum mandatory term for each offense in accordance with the 10-20-life statute. § 775.087(2), Fla. Stat. (2000). The ten year minimum mandatory terms were to run concurrent to the other sentences, but consecutive to one another. The defendant contends that the imposition of consecutive ten year minimum mandatory terms was error because the convictions arose out of the same criminal episode. We agree.
In Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002), this Court rejected the State's argument that the trial court was required to impose consecutive sentences as to each of the four 10-20-life offenses. In support thereof, this Court quoted the Final Analysis of CS/CS/HB 113 (SB 194) of the House of Representative's Committee on Crime and Punishment. This bill later became Chapter 99-12, Laws of Florida, and subsection 775.087(2). It states:
The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other. (e.s.)
Mondesir, 814 So.2d at 1173. See Roberts v. State, 834 So.2d 899 (Fla. 3d DCA 2002); Williams v. State, 820 So.2d 1000 (Fla. 3d *896 DCA 2002); Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002).
Furthermore, the Florida Supreme Court has held that, absent specific legislative authorization, minimum mandatory enhancement sentences arising from a single criminal episode must run concurrently. See Hale v. State, 630 So.2d 521 (Fla. 1993) (habitual felony offender statute), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); Daniels v. State, 595 So.2d 952 (Fla.1992)(habitual violent felony offender statute). The Second and Fourth Districts have followed Hale and held that consecutive prison releasee reoffender sentences that arose from a single criminal episode were illegal. Smith v. State, 824 So.2d 263 (Fla. 2d DCA 2002); Spivey v. State, 789 So.2d 1087 (Fla. 2d DCA 2002); Philmore v. State, 760 So.2d 1063 (Fla. 4th DCA 2000).
In the instant case, the defendant's convictions arose out of the same criminal episode. For the reasons discussed above, we find that the trial court was not authorized to impose the enhanced consecutive minimum mandatory sentences. We, therefore, reverse and remand for the imposition of concurrent minimum mandatory sentences consistent with this opinion.
The defendant's remaining points lack merit.
Affirmed, in part; reversed, in part, and remanded.