868 So.2d 538 (2003)
Adam SOUSA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5207.
District Court of Appeal of Florida, Second District.
August 15, 2003.
*539 James Marion Moorman, Public Defender, and Bruno F. DeZayas, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
THREADGILL, EDWARD F., Senior Judge.
Adam Free Sousa challenges his convictions and sentences for two counts of attempted murder with a firearm and one count of aggravated assault with a firearm as charged in one information. The charges arose out of a shooting spree by Sousa, involving three victims. It is clear from the record that the charges arose from a single criminal episode with the victims being shot in rapid succession. Sousa raises six issues on appeal. We affirm the convictions and the enhanced sentences for use of a firearm. We agree with Sousa, however, that the trial judge erred in imposing consecutive sentences. We reverse and remand for imposition of concurrent sentences.
Following a jury trial, the trial court imposed the following sentences, to be served consecutively: (1) attempted second-degree murder, 50 years, 25 years minimum mandatory; (2) attempted second-degree murder, 50 years, 25 years minimum mandatory; and (3) aggravated assault, 5 years, 3 years minimum mandatory. In sum, Sousa received a total of 105 years in prison, with a minimum mandatory sentence of 53 years. He received the minimum mandatory sentences pursuant to the enhancement provisions of section 775.087, Florida Statutes (1999), because he used a firearm during the commission of these offenses. Section 775.087 also contains language that led the trial court to impose the sentences consecutively. We disagree that the language in section 775.087 allows consecutive sentences under these circumstances.
Section 775.087(2)(d) reads:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
Sousa argues that despite the above language, the trial court was prohibited from imposing consecutive sentences. We agree based on the analysis in Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002). Mondesir held that the last sentence of section 775.087(2)(d) means that sentences received pursuant to section 775.087(2)(d) must only be consecutive to other felony sentences not subject to section 775.087(2)(d). Mondesir, 814 So.2d at 1173. In Mondesir, the defendant was on probation for possession of cocaine with intent to sell when he committed four new crimes during which he used a firearm. Following trial, his probation was revoked and he was sentenced on the cocaine charge to a concurrent sentence with the four new firearm offenses that were subject to the provisions of section 775.087. The defendant appealed an evidentiary issue, and the State cross-appealed the concurrent sentences. The State argued that the plain language of section 775.087 required consecutive sentences for each of the new firearm offenses and that the four *540 new firearm offenses should be consecutive to the cocaine offense. The Third District partially disagreed and held that section 775.087 required that only the new firearm offenses be served consecutive to the cocaine offense, while the new firearm offenses were to be served concurrently with each other. The court reasoned as follows:
Merely on the face of the statute, the reference to "any other" felony refers, as in this case, only to another separate crime, rather than those involved in a single prosecution. In the comments to its Final Analysis of CS/CS/HB 113 (SB 194), which became Chapter 99-12, Laws of Florida, and subsection 775.087(2), the Committee on Crime and Punishment in the House of Representatives so stated:
Consecutive Sentences
The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other.

Mondesir, 814 So.2d at 1173 (footnote omitted). The Third District remanded the case to the trial court, ordered the court to sentence the new offenses consecutive to the cocaine offense, and affirmed the concurrent sentences for the new firearm offenses.
Although the analysis language by the House of Representatives appears to contrast with the wording of the statute, the Third District used it to support its conclusion that the "any other" language only refers to crimes that took place at a different time,[1] i.e., the cocaine offense, and that when sentencing multiple offenses from the same criminal episode under section 775.087, the sentences should run concurrently. See also Green v. State, 845 So.2d 895 (Fla. 3d DCA 2003); Wilchcombe v. State, 842 So.2d 198 (Fla. 3d DCA 2003); Roberts v. State, 834 So.2d 899 (Fla. 3d DCA 2002); Sehnal v. State, 826 So.2d 498 (Fla. 4th DCA 2002); Williams v. State, 820 So.2d 1000 (Fla. 3d DCA 2002); Stafford v. State, 818 So.2d 693 (Fla. 5th DCA 2002); Tunsil v. State, 797 So.2d 651 (Fla. 3d DCA 2001).
Because we agree with Mondesir that this language does not provide the legislative authorization necessary to require consecutive sentencing, Green, 845 So.2d at 896, we reverse those parts of Sousa's consecutive minimum mandatory sentences and remand to the trial court to impose concurrent minimum mandatory sentences. See Palmer v. State, 438 So.2d 1, 3-4 (Fla.1983); see also Highsmith v. State, 595 So.2d 1072, 1072 (Fla. 2d DCA 1992). Sousa's other points on appeal have no merit and his convictions and sentences are otherwise affirmed.
Affirmed in part, reversed in part, and remanded.
STRINGER and SILBERMAN, JJ., Concur.
NOTES
[1] We recognize that where the statutory language is clear, there is no need to rely on other canons of statutory interpretation. See Fla. Convalescent Ctrs. v. Somberg, 840 So.2d 998,1003 (Fla.2003) (Anstead, C.J., specially concurring). However, we agree that the Third District appropriately looked to legislative history to clear up confusion surrounding this statute. See State v. Cotton, 769 So.2d 345, 347 (Fla.2000).