890 So.2d 451 (2004)
Keona MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3625.
District Court of Appeal of Florida, Second District.
December 29, 2004.
*452 James Marion Moorman, Public Defender, and James C. Banks, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Keona Murray, who was convicted of one count of armed burglary, one count of armed robbery, and one count of armed carjacking, appeals the armed robbery conviction and the armed carjacking conviction. Murray also appeals the three consecutive ten-year minimum mandatory sentences imposed for the offenses pursuant to section 775.087, Florida Statutes (2001)  commonly known as the 10/20/life statute. We conclude that there is no basis for reversing the appealed convictions but that the minimum mandatory sentences for the armed robbery offense and the armed burglary offense should be served concurrently because those offenses were committed in a single criminal episode.
Murray and Shameka Dickerson participated in an armed burglary, an armed robbery, and an attempted robbery of the tenant and other occupants of an apartment. Murray and Dickerson, who believed marijuana was being sold in the apartment, gained entry by claiming they wished to buy "weed." Once in the apartment, they displayed weapons, ordered the occupants to lie on the floor, and stole property from some of the occupants, while two occupants managed to escape the apartment without any property being taken from them. After leaving the apartment and finding that their getaway car was not available as planned, Murray and Dickerson approached a man who was standing outside the apartment and had not been among the occupants of the apartment. Murray and her companion demanded and obtained the man's car keys at gunpoint and drove away in his vehicle.
Murray contends that the trial court erred in imposing three consecutive rather than concurrent ten-year sentences for the armed burglary (count I), the armed robbery (count II) in the apartment, and the armed carjacking (count IV) committed after Murray left the apartment. Murray does not challenge her conviction for the attempted robbery in the apartment or the *453 probation imposed for that offense. Nor does Murray challenge the sentence imposed for the armed burglary.
"It is well-settled that sentences imposed under a sentencing enhancement statute may not run consecutively if the offenses occurred during a single criminal episode." Staley v. State, 829 So.2d 400, 401 (Fla. 2d DCA 2002); see also Boler v. State, 678 So.2d 319, 322 (Fla.1996) ("We have held that enhancement sentences arising out of a single criminal episode may not be imposed consecutively."); Jackson v. State, 659 So.2d 1060 (Fla.1995); Brooks v. State, 630 So.2d 527 (Fla.1993); Hale v. State, 630 So.2d 521 (Fla.1993); Daniels v. State, 595 So.2d 952 (Fla.1992); Palmer v. State, 438 So.2d 1 (Fla.1983). See generally § 775.021(4)(a), Fla. Stat. (2001). In Sousa v. State, 868 So.2d 538 (Fla. 2d DCA 2003), review granted, 870 So.2d 824 (Fla.2004), this court applied this principle to sentences imposed pursuant to section 775.087, Florida Statutes (1999). We thus held that "the trial court was prohibited from imposing consecutive sentences" for offenses punishable under the 10/20/life statute that arose from a single criminal episode.[1]Sousa, 868 So.2d at 539; see also Elozar v. State, 872 So.2d 934 (Fla. 5th DCA 2004). Accordingly, Murray could not be subjected to consecutive sentences under section 775.087 for any offense that arose from a single episode. But see Arutyunyan v. State, 863 So.2d 410, 412 (Fla. 4th DCA 2003) (holding that where defendant "was being sentenced for felonies tried within a single prosecution" under section 775.087, the trial court was "free to choose" whether to run sentences consecutively or concurrently).
"In order to determine whether offenses occurred during a single criminal episode, courts look to whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a `temporal break' between offenses." Staley, 829 So.2d at 401 (quoting Garrison v. State, 654 So.2d 1176, 1177 (Fla. 1st DCA 1994)); see also Woods v. State, 615 So.2d 197, 199 (Fla. 1st DCA 1993).
A burglary of a dwelling followed by a robbery within that dwelling are ordinarily considered to be offenses that arose from a single criminal episode. See Staley, 829 So.2d at 400-01 (reversing defendant's "consecutive sentences of life in prison as a prison releasee offender for home invasion robbery and thirty years in prison as a habitual felony offender for burglary" because those "offenses occurred during a single criminal episode"). The trial court thus erred in imposing consecutive sentences for the armed burglary offense (count I) and the armed robbery offense (count II) committed within the apartment.
The armed carjacking offense (count IV) committed by Murray after her departure from the apartment is a different *454 matter. There was a significant separation  both in time and location  between the offenses committed in the apartment and the offense committed outside the apartment. And the victim of the carjacking had not been a victim of the offenses within the apartment. The carjacking thus was not part of the same criminal episode as the offenses committed in the apartment. Accordingly, imposition of a consecutive sentence for the carjacking was appropriate. See Spivey v. State, 789 So.2d 1087, 1088-89 (Fla. 2d DCA 2001) (holding that where defendant committed offenses in a convenience store against a store employee and then committed offenses against a police officer as defendant "stumbl[ed] down the street" outside the store, violent career criminal sentence for the offenses against officer was properly sentenced consecutively to the violent career criminal sentence for offenses within store "because they involved different victims at different locations with a temporal break, albeit brief, between them"); Smith v. State, 632 So.2d 95, 97 (Fla. 2d DCA 1994) (holding that consecutive habitual violent felony offender (HVFO) sentences were appropriate where defendant robbed one victim "of her personal jewelry in the back of the store [and] then, he robbed [another] employee at the front of the store by compelling him to remove the contents of the cash register" and that additional consecutive HVFO sentences were similarly appropriate where defendant "robbed ... employees of personal belongings in the back of [another store and] then, [defendant] separated the manager from the group, took him to the front of the store, and compelled him to hand over the contents of the cash register").
All the convictions are affirmed; the sentence for the armed carjacking (count IV) is affirmed as imposed consecutively to the other sentences; the consecutive sentence for the armed robbery offense (count II) is vacated; and the case is remanded with instructions that the sentence for the armed robbery offense (count II) be reimposed to run concurrently with the sentence for the armed burglary offense (count I).
Convictions affirmed; sentences affirmed in part and vacated in part; case remanded for resentencing.
DAVIS and SILBERMAN, JJ., concur.
NOTES
[1] We explicitly based our holding in Sousa, 868 So.2d at 539, on the analysis in Mondesir v. State, 814 So.2d 1172, 1173 (Fla. 3d DCA 2002), where the Third District rejected the argument that the 10/20/life statute "requires consecutive sentences" for each offense subject to punishment under that statute for crimes "involved in a single prosecution." In discussing Mondesir, we referred to the Third District's conclusion "that when sentencing multiple offenses from the same criminal episode under section 775.087, the sentences should run concurrently." Sousa, 868 So.2d at 540. In doing so, we extrapolated from the statement in Mondesir that section 775.087 does not require consecutive sentences for offenses punishable under that section for crimes "involved in a single prosecution" to conclude that the statute does not permit consecutive sentences for offenses punishable under section 775.087 when they arise from a single criminal episode.