903 So.2d 923 (2005)
STATE of Florida, Petitioner,
v.
Adam SOUSA, Respondent.
No. SC03-2128.
Supreme Court of Florida.
May 26, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Chief-Assistant Attorney General, Tampa Criminal *924 Appeals, John M. Klawikofsky and C. Suzanne Bechard, Assistant Attorneys General, Tampa, FL, for Petitioner.
James Marion Moorman, Public Defender, Tenth Judicial Circuit, Bruno DeZayas, Special Assistant Public Defender and Terry P. Roberts of Harbsmeier, DeZayas, Appel and Harden, LLP, Lakeland, FL, for Respondent.
WELLS, J.
We have for review Sousa v. State, 868 So.2d 538 (Fla. 2d DCA 2003), which expressly and directly conflicts with the decision in State v. Christian, 692 So.2d 889 (Fla.1997). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS
Adam Sousa was convicted of two counts of attempted murder with a firearm and one count of aggravated assault with a firearm. Based on testimony elicited from eyewitnesses to the event, the incident arose from a shooting spree at a greyhound track and involved three victims, with two of the victims being shot by Sousa in rapid succession during a single criminal episode. The trial court imposed three consecutive sentences: fifty years of imprisonment, with a twenty-five-year mandatory minimum term for each of the two attempted second-degree murder convictions, and five years of imprisonment, with a three-year mandatory minimum term for the aggravated assault conviction. The consecutive sentences totaled 105 years of imprisonment, with a mandatory minimum sentence of fifty-three years pursuant to the enhancement provisions of section 775.087, Florida Statutes (1999), the "10-20-life" statute. The Second District Court of Appeal reversed the sentence, holding that section 775.087(2)(d) did not "provide the legislative authorization necessary to require consecutive sentencing" for the mandatory minimum terms of his sentences. Sousa, 868 So.2d at 540. This Court accepted jurisdiction based upon express and direct conflict with State v. Christian, 692 So.2d 889 (Fla.1997), a decision holding that a trial court did have the authority to impose consecutive mandatory minimum sentences where a gun was fired at and injured multiple victims.

ANALYSIS
Any discussion as to this issue should begin with our decision in Palmer v. State, 438 So.2d 1 (Fla.1983). In that case, the defendant walked into a funeral parlor during a wake, brandished a gun, and ordered the mourners to throw their valuables on the floor. He was convicted of thirteen counts of robbery, one count of aggravated assault, and one count of carrying a concealed firearm. As to the robbery counts, the trial court sentenced Palmer to seventy-five years of imprisonment on each count, with the sentences to run consecutively, for a total of 975 years. Id. at 2. The court also imposed the mandatory minimum sentence of three years on each robbery count, for a total of thirty-nine years, without eligibility for parole. This Court reversed the three-year mandatory minimum sentences on each of the thirteen consecutive sentences, holding that section 775.087, Florida Statutes (1981), did not authorize a trial court to deny a defendant the eligibility for parole for a period greater than three calendar years. Id. at 3. As the Court explained, the executive branch has the exclusive power to grant paroles or conditional releases, and the Legislature can mandate through statute that certain convicted persons serve a certain amount of their sentence without eligibility for parole. Id. However, while courts can impose the mandatory minimum terms already authorized, they are not permitted to exceed such terms by imposing consecutive mandatory minimum terms in such circumstances *925 without explicit authority. We noted that by imposing consecutive mandatory minimum terms, the trial court sentenced Palmer to thirty-nine years without eligibility for parole based on a statute that expressly authorized denial of eligibility for parole for only three years. Palmer, 438 So.2d at 3. We further clarified our holding as follows: "[w]e do not prohibit the imposition of multiple concurrent three-year minimum mandatory sentences upon conviction of separate offenses included under subsection 775.087(2), nor do we prohibit consecutive mandatory minimum sentences for offenses arising from separate incidents occurring at separate times and places." Id. at 4 (emphasis omitted).
We next addressed this issue in State v. Thomas, 487 So.2d 1043 (Fla.1986), where we declined to extend Palmer's holding to the situation where a defendant committed two separate and distinct offenses involving multiple victims during one criminal episode. In that case, the defendant shot a woman four times in her bedroom. Id. at 1044. While the defendant was reloading his gun, the victim managed to get outside her trailer, and the defendant followed her and shot her again. The victim's son attempted to intervene, but Thomas fired his gun at the son. He then shot the woman twice more. Thomas was convicted of attempted first-degree murder and aggravated assault, and the trial judge imposed consecutive sentences of thirty years of imprisonment for the attempted first-degree murder count and five years for the aggravated assault count. The court further imposed consecutive three-year mandatory minimum sentences for each offense. This Court upheld the sentences and distinguished the holding in Palmer because Thomas involved "two separate and distinct offenses involving two separate and distinct victims." Id.
As later explained by then Judge Pariente in writing for the Fourth District Court of Appeal, two separate shootings of two victims can constitute two separate and distinct offenses committed in a single criminal episode, providing the basis for the imposition of consecutive mandatory minimum terms:
Relying primarily upon our interpretation of [State v.] Thomas [487 So.2d 1043 (Fla.1986)], we hold that in the case of multiple victims, the primary factor triggering the imposition of consecutive mandatory minimums is whether the firearm has been discharged more than once to shoot those victims. An analysis of the nature of the crime, manner of commission, time and place may assist in the inquiry of whether qualitatively separate and distinct criminal acts occurred; but with discharges of the firearm to injure multiple victims, separation of time or place should not be dispositive.
In the case of armed robberies of multiple victims, as in Palmer, the firearm is used simultaneously and in the same manner to rob more than one person. However, discharge of a firearm in the course of an armed robbery changes the nature of the crime and manner of commission. With each successive discharge of the firearm at each additional victim, the firearm is being used separately and distinctly, and in a different manner.
Lifred v. State, 643 So.2d 94, 98 (Fla. 4th DCA 1994), approved by Christian, 692 So.2d at 891.
In Christian, this Court provided additional guidance as to when imposing consecutive mandatory minimum terms is permissible for crimes that occurred during a single criminal episode. In that case, a fight occurred at a bar, and Larry Christian shot the first victim from behind three *926 times, killing the victim. Christian, 692 So.2d at 890. Christian then shot and wounded the second victim, a person who had attempted to intercede. After a jury trial, Christian was convicted of second-degree murder with a firearm, aggravated battery with a firearm, and discharging a firearm in an occupied building. He was sentenced to concurrent twenty-five, fifteen, and fifteen-year terms of imprisonment respectively, with the three-year mandatory minimum portions of the first two firearm offenses running consecutively. Id. Christian asserted that the trial court could not impose consecutive sentences because the multiple mandatory minimum terms were based on a single firearm used in one continuous episode. This Court disagreed, holding that even though section 775.087, Florida Statutes (1993), was silent concerning the stacking of mandatory minimum terms, case law permitted imposing consecutive mandatory minimum sentences for offenses arising from a single criminal episode "where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim." Id. at 890 (footnote omitted). As the Court explained, "[t]he injuries bifurcate the crimes for stacking purposes," and hence imposing consecutive "mandatory minimum terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon." Id. at 890-91 (footnote omitted).
The State first contends that the decision at issue conflicts with our decision in Christian. Sousa attempts to distinguish Christian, contending that Christian does not apply in this situation because that case involved at least one victim who died, while in this case both victims lived. We disagree with Sousa. The holding of Christian did not turn on the type of injury a victim suffered but the fact that the defendant fired his gun multiple times, injuring multiple victims. Accordingly, the Second District's opinion is contrary to our decision in Christian, which recognizes consecutive mandatory minimum sentences are permissible when a defendant shoots at multiple victims.
Next, the State asserts that there is new legislative authority for imposing consecutive mandatory minimum sentences. Specifically, subsequent to our decision in Christian, the Legislature amended section 775.087 in 1999 to add subsection (2)(d):
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.

Ch. 99-12, § 1, at 540, Laws of Fla. (emphasis added).
Following the amendment of this statute, the Third District Court of Appeal considered whether section 775.087(2)(d) permits consecutive mandatory minimum sentences in Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002). In that case, while still on probation for the possession and sale of cocaine, the defendant, Mondesir, committed and was convicted of aggravated assault with a firearm, kidnapping with a firearm, car-jacking with a firearm, robbery with a firearm, and possession of a firearm during the commission of a felony. Id. at 1172-73. The trial court revoked his probation and sentenced him to 141 months of imprisonment on the cocaine charges. The court further sentenced *927 him to prison terms of five years and 141 months for the various firearm violations. Id. at 1173. All of the sentences in both the probation and the new case, however, were ordered to be served concurrently. On appeal, the State contended the trial court erred in imposing concurrent sentences. The court agreed in part and disagreed in part. Specifically, the court found that section 775.087(2)(d), Florida Statutes (2000), required that the substantive firearm sentences be imposed consecutively to those in the cocaine case. Id. However, the court disagreed with the State that the statute also required consecutive sentences as to each of the four firearm offenses. In reaching this decision, the court held that the last sentence of section 775.087(2)(d), which states "[t]he court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense," means that sentences imposed pursuant to section 775.087(2)(d) must only be consecutive to other felony sentences from a separate crime rather than those involved in a single prosecution:
Merely on the face of the statute, the reference to "any other" felony refers, as in this case, only to another separate crime, rather than those involved in a single prosecution. In the comments to its Final Analysis of CS/CS/HB 113 (SB 194), which became Chapter 99-12, Laws of Florida, and subsection 775.087(2), the Committee on Crime and Punishment in the House of Representatives so stated:
Consecutive Sentences
The bill provides that the Legislature intends for the new minimum mandatory sentences to be imposed for each qualifying count, and the court is required to impose the minimum mandatory sentences required by the bill consecutive to any other term of imprisonment imposed for any other felony offense. This provision does not explicitly prohibit a judge from imposing the minimum mandatory sentences concurrent to each other.
Mondesir, 814 So.2d at 1173 (footnote and emphasis omitted).
In the present case, the Second District applied the reasoning in Mondesir to circumstances in which there were shootings of multiple victims in a single criminal episode, holding that the last sentence of section 775.087(2)(d) means that sentences received pursuant to section 775.087(2)(d) must only be consecutive to other felony sentences not subject to section 775.087(2)(d). Sousa, 868 So.2d at 538. Accordingly, the court below held that the trial court was prohibited from imposing consecutive mandatory minimum sentences because it was not authorized by section 775.087(2)(d), Florida Statutes (1999).[1]
We disagree that section 775.087 as amended still does not permit consecutive sentences. To draw that conclusion we would have to find that the 1999 amendment to section 775.087 overrules our decisions in Christian and Thomas. We do not agree. Rather we conclude that this amendment to the statute is consistent with the decisions in Christian and Thomas.
We do not agree with the reasoning of the Third District in Mondesir to the extent it construes the statute to mean that the "any other" language only refers to crimes which took place at different times. Sousa, 868 So.2d at 540. We find *928 nothing in the statutory language which supports that construction of the statute. The statute's plain language does not state that, nor do we find the language of the statute to be ambiguous.
The fundamental rule of construction in determining legislative intent is to first give effect to the plain and ordinary meaning of the language used by the Legislature. Courts are not to change the plain meaning of a statute by turning to legislative history if the meaning of the statute can be discerned from the language in the statute. See Rollins v. Pizzarelli, 761 So.2d 294, 299 (Fla.2000); see also Taylor Woodrow Constr. Corp. v. Burke Co., 606 So.2d 1154, 1156 (Fla.1992) ("Where the statutory provision is clear and not unreasonable or illogical in its operation, the court may not go outside the statute to give it a different meaning."). We have previously stated that the legislative history of a statute is irrelevant where the wording of a statute is clear, see Aetna Cas. & Sur. Co. v. Huntington Nat'l Bank, 609 So.2d 1315, 1317 (Fla.1992), and that courts "are not at liberty to add words to statutes that were not placed there by the Legislature." Hayes v. State, 750 So.2d 1, 4 (Fla.1999).
In this case, section 775.087(2)(d) states that "[t]he court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense." The Second District, in following the holding of Mondesir, construed this provision to hold that a trial court is precluded from imposing consecutive mandatory minimum sentences unless the other felony offenses occurred during a different criminal episode. The Second District's decision does not apply the plain language of the statute and is in conflict with our decisions in Christian and Thomas.

CONCLUSION
Based on the above analysis, we quash the decision of the Second District in Sousa v. State, 868 So.2d 538 (Fla. 2d DCA 2003), and disapprove Mondesir to the extent it conflicts with this decision. As Sousa's consecutive mandatory minimum sentences were proper under these circumstances, we remand with instructions to reinstate the trial judge's imposition of consecutive sentences.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] While Sousa did rely on Palmer for its decision, the court did not mention Christian or address its distinctions.