MARSTILLER, J.
Leronnie Lee Walton (“Appellant”) appeals his convictions and sentences for two counts of attempted murder of a police officer and two counts of attempted armed robbery. We affirm the convictions without discussion.
However, Appellant raises two sentencing issues that do require discussion. The first is whether the trial court correctly imposed consecutive mandatory minimum sentences under section 775.087, Florida Statutes, the 10-20-Life statute, when Ap *524 pellant’s crimes were all committed during a single episode. As explicated below, we affirm the sentencing scheme, concluding that section 775.087(2)(d) expressly authorizes consecutive mandatory minimum sentences. In reaching this conclusion, we recede from Lanham v. State, 60 So.3d 532 (Fla. 1st DCA 2011), in which we held consecutive mandatory minimum sentences impermissible where a defendant displays a firearm, but does not discharge it, while committing multiple offenses. We further certify conflict with Irizarry v. State, 946 So .2d 555 (Fla. 5th DCA 2006). The second issue is whether the trial court improperly resentenced Appellant in his absence. Concluding that the court erred, we remand for resentencing with Appellant present.
I.
In the early afternoon of September 10, 2008, Kristina Salas and her sister, Karine Nalbandyan, residents of City Ridge Apartments in Duval County, were putting their 3-year-old children into a car, preparing to pick up their older children from school. As Salas bent over to brush something from the car’s seat, a man ambushed her, put her in a headlock, held a gun to her head, and demanded that she give him her purse or be killed. The two straggled over the purse until the handle broke and it fell to the ground. At that point, the man went to the other side of the car and demanded Nalbandyan’s purse, also threatening her with the gun.
Detectives Shannon Fusco and James Johnston, with the Jacksonville Sheriffs Office, were investigating a theft at City Ridge Apartments when they came upon the scene. Detective Fusco identified herself as law enforcement and ordered the man threatening Nalbandyan to put the gun down. He responded by shooting at the detectives, and a gun battle ensued. Two eyewitnesses — a mother and her teenage daughter — who lived in the complex observed two men shooting at the detectives. They also saw the men get into an orange-colored vehicle and speed away from the scene. The mother was later able to identify the two shooters from a photo line-up; her daughter could identify only one. The man they both identified was Appellant.
Following a jury trial, Appellant was convicted of two counts of attempted murder of a police officer with possession and discharge of a firearm during commission, and two counts of attempted armed robbery with possession of a firearm during commission. Pursuant to section 775.087(2), Florida Statutes (2008), which mandates specific minimum sentences depending on whether a firearm is possessed, displayed, or discharged while committing specified crimes, the trial court sentenced Appellant to life imprisonment with 20 years’ mandatory minimum on each attempted murder charge, and to 15 years’ imprisonment with 10 years’ mandatory minimum on each attempted armed robbery charge. All sentences and mandatory mínimums were to run consecutively.
While this appeal was pending, Appellant filed a motion in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) asserting that the life sentences were illegal because the statutory provision authorizing life imprisonment for attempted murder of a police officer did not go into effect until after Appellant committed his crimes. He also asserted that the consecutive mandatory minimum sentences were illegal because all the crimes occurred during a single episode. Appellant did not otherwise challenge the sentences imposed for the attempted armed robberies.
*525 The parties ultimately agreed that under section 775.087(l)(b),[1] the attempted murders, normally second-degree felonies, could be reclassified to first-degree felonies subject to a maximum permissible prison term of BO years for each count. Accordingly, the trial court re-sentenced Appellant to two 30-year terms for the attempted murders, re-imposed the 20-year mandatory mínimums for those offenses, left intact the sentences originally imposed for the attempted armed robberies, and again ordered that all sentences and mandatory mínimums run consecutively. Appellant was not present at resentencing. Although the trial court expressed concern about proceeding in Appellant’s absence, defense counsel felt it “would be okay” because Appellant’s total sentence was being reduced, not increased.
II.
We first address whether the trial court may impose consecutive mandatory minimum sentences under section 775.087, Florida Statutes. Appellant argues on appeal, as he did below in his 8.800(b)(2) motion, that such “stacking” of mandatory minimum sentences under section 775.087 is impermissible where the crimes all occurred during a single episode.
Under section 775.087(2)(a)l., Florida Statutes (2008), a person who is convicted of committing or attempting to commit any of several enumerated felonies, “regardless of whether the use of a weapon is an element of the felony,” and who, while committing the offense, “actually possessed a ‘firearm’ or ‘destructive device’ as those terms are defined in s. 790.001, shall be sentenced to a minimum term of imprisonment of 10 years[.]” If the person “discharged a ‘firearm’ or ‘destructive device’ ” while committing the offense, section 775.087(2)(a)2., Florida Statutes (2008), mandates “a minimum term of imprisonment of 20 years.” Murder and robbery are two of the specified felonies. See §§ 775.087(2)(a)l.a, (2)(a)l.c., Fla. Stat. (2008).
Appellant here was convicted of two counts of attempted murder and two counts of attempted armed robbery. On the attempted murders, the trial court imposed 20-year mandatory minimum sentences because Appellant fired a gun at two police officers. And on the attempted armed robberies, the court imposed 10-year mandatory minimum sentences because Appellant possessed, but did not discharge, a gun.
Section 775.087(2)(d), Florida Statutes (2008), specifically addresses consecutive imposition of mandatory mínimums, stating:
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
*526 (Emphasis added). Before the Legislature enacted this subsection in 1999,[2] Florida Supreme Court precedent governed whether mandatory minimum sentences could be imposed consecutively for multiple crimes occurring in a single episode. In Palmer v. State, 438 So.2d 1 (Fla.1988), the supreme court held that while consecutive mandatory minimum sentences were permissible for offenses occurring in separate incidents, they were impermissible— absent explicit statutory authority — for multiple crimes occurring in a single episode. Id. at 3-4. There, the defendant displayed, but did not discharge, a firearm while committing multiple felonies — armed robberies and aggravated assaults— against multiple victims during one criminal episode. Id. at 2.
Subsequently, in State v. Thomas, 487 So.2d 1043 (Fla.1986), the supreme court permitted consecutive mandatory minimums where the defendant committed attempted first-degree murder and aggravated assault in one incident, shooting at two victims and injuring one. Id. at 1044. The court reasoned that even without explicit statutory authority, consecutive sentencing was permissible because the single incident involved “two separate and distinct offenses involving two separate and distinct victims.” Id. Later, in State v. Christian, 692 So.2d 889 (Fla.1997), the supreme court further refined the rule, holding that “for offenses arising from a single episode ... stacking of firearm mandatory minimum terms [ ] is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.” Id. at 890-91 (footnotes omitted).
If section 775.087(2)(d) had not been in effect when the trial court sentenced Appellant, Palmer, Thomas, and Christian would dictate that Appellant’s consecutive mandatory minimum sentences for the attempted murders are valid because he fired his gun at two victims. But the consecutive mandatory minimum sentences for the attempted armed robberies would be invalid because Appellant did not fire his gun while committing those crimes.
Section 775.087(2)(d) was and is in effect, however, having been enacted shortly after Christian. The question, therefore, is whether the statute changes the outcome just described.
In State v. Sousa, 903 So.2d 923 (Fla.2005), the supreme court held that section 775.087(2)(d) explicitly authorizes consecutive mandatory minimum sentences imposed under 10-20-Life. Id. at 927. On review in Sousa was a Second District decision disapproving the very type of stacking the supreme court had approved in Christian — consecutive minimum mandatory terms for multiple offenses committed during a single episode where the defendant shot at multiple victims. The Second District had held that section 775.087(2)(d) does not permit the stacking of mandatory minimum sentences imposed under 10-20-Life. Id. at 924. In reaching its conclusion, the Second District had" relied on a decision from the Third District, Mondesir v. State, 814 So.2d 1172 (Fla. 3d DCA 2002), interpreting the operative sentence in section 775.087(2)(d) to mean that mandatory mínimums under 10-20-Life could only run consecutively to sentences for other separate crimes that are not part of a single prosecution. See Sousa, 903 So.2d at 926-27. Disapproving this interpretation, the supreme court stated:
We disagree that section 775.087 as amended still does not permit consecutive sentences. To draw that conclusion we would have to find that the 1999 *527 amendment to section 775.087 overrules our decisions in Christian and Thomas. We do not agree. Rather we conclude that this amendment to the statute is consistent with the decisions in Christian and Thomas.
We do not agree with the reasoning of the Third District in Mondesir to the extent it construes the statute to mean that the “any other” language only refers to crimes which took place at different times. We find nothing in the statutory language which supports that construction of the statute. The statute’s plain language does not state that, nor do we find the language of the statute to be ambiguous.
Id. at 927 (citation omitted).
It is clear, then, that section 775.087(2)(d) authorizes consecutive minimum mandatory sentences for multiple offenses committed during a single episode, involving multiple victims, where the defendant discharges a firearm. Accordingly, we affirm Appellant’s consecutive 20-year mandatory minimum sentences for two counts of attempted murder of a police officer.
We still must determine whether section 775.087(2)(d) authorizes the stacking of mandatory minimums where there are multiple victims and the defendant does not discharge a firearm. In Lanham v. State, 60 So.3d 532, 532 (Fla. 1st DCA 2011), we answered the question in the negative. There, we reversed consecutive mandatory minimum sentences where, although two victims were involved, the appellant displayed, but did not fire, his weapon. Id. at 532. We neither cited nor discussed section 775.087(2)(d). Instead, the foundation for our decision was Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2006), which has been followed by at least two other district courts of appeal. See Roberts v. State, 990 So.2d 671, 675 (Fla. 4th DCA 2008); Perry v. State, 973 So.2d 1289, 1289-90 (Fla. 4th DCA 2008); Church v. State, 967 So.2d 1073, 1075 (Fla. 2d DCA 2007).
In Irizarry, the Fifth District held that Christian and Thomas — decisions that predate section 775.087(2)(d) — “still apply in determining when minimum mandatory sentences for 10-20-Life offenses may be consecutively imposed. Christian and Thomas provide that consecutive mandatory minimums are not permitted where a defendant does not fire the weapon.” Iri-zarry, 946 So.2d at 558. The Fifth District based its decision on the above-quoted passage in Sousa in which the supreme court stated that section 775.087(2)(d) did not overrule, and is consistent with, Christian and Thomas. Id.
We have studied Sousa and Irizar-ry anew, and we now disagree with the Fifth District’s reading of Sousa — and consequently recede from Lanham — for the following reasons. First, construed in the context of the specific issue before the supreme court in Sousa, the statement that Christian and Thomas were not overruled by section 775.087(2)(d) means only that those decisions were not overruled insofar as they permitted stacking at all. The Palmeri-Thomas-Christian trio of decisions came about because section 775.087(2) — at that time — did not authorize consecutive mandatory minimum sentences. Case law thus determined when a court could lawfully stack mandatory minimums. The specific issue in Sousa was whether subsequently-enacted section 775.087(2)(d) now provides statutory authority to impose consecutive mandatory minimums for crimes involving multiple victims and firearm discharge — a sentencing scheme that case law previously permitted without statutory authority. Two district courts had held that the statute does not give such authorization. The supreme court rejected their reading of the statute, stating:
*528 We disagree that section 775.087 as amended still does not permit consecutive sentences. To draw that conclusion we would have to find that the 1999 amendment to section 775.087 overrules our decisions in Christian and Thomas. We do not agree.
Sousa, 90S So.2d at 927 (emphasis added). The clear — and limited — import of these statements is that the legislative enactment did not render impermissible that which case law previously had deemed permissible. Although Christian and Thomas held that trial courts may not stack mandatory minimums for offenses not involving firearm discharge without statutory authority, the question of whether such a sentencing scheme became permissible under section 775.087(2)(d) was not considered by the supreme court in Sousa. Therefore, we find the Fifth District’s reading of Sousa overly broad.
Second, our sister court’s conclusion that Christian and Thomas still prohibit consecutive mandatory minimums where a gun is not fired squarely conflicts with the plain language of section 775.087(2)(d). Before the statutory provision came into being, a sentencing court’s authority, under case law, to stack mandatory minimum sentences for crimes occurring during a single episode turned on whether some factor, such as the firing of a gun at multiple victims, bifurcated or separated the crimes for stacking purposes. See Christian, 692 So.2d at 890-91. Now, section 775.087(2)(d), which the Legislature enacted only two years after Christian, authorizes consecutive mandatory minimum sentences under 10-20-Life for crimes committed in a single episode without exception or limitation. The operative sentence in section 775.087(2)(d) reads: “The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.” (Emphasis added). The statute contains no prohibition against consecutive mandatory minimums where a defendant does not fire a weapon. Neither does the language create an ambiguity that would permit reading such a prohibition into the statute. Rather, the statute is clear: any mandatory minimum term required by section 775.087(2) — whether the defendant fires a gun, or only carries or displays it— shall be imposed consecutively to any other term imposed for any other felony. Because we so hold, we recede from our decision in Lanham, and we affirm Appellant’s consecutive 10-year mandatory minimum sentences for two counts of attempted armed robbery. We further certify conflict with Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2006).
III.
Although we hold the trial court correctly imposed consecutive mandatory minimum sentences under section 775.087(2), we reverse Appellant’s sentences because he was not present at re-sentencing. A defendant has a basic constitutional right to be present at every critical stage of a criminal proceeding, including sentencing. See Evans v. State, 909 So.2d 424, 425 (Fla. 5th DCA 2005); Capuzzo v. State, 578 So.2d 328, 330 (Fla. 5th DCA 1991); see also Fla. R. Crim. P. 3.180(a)(9) (2010) (stating a defendant “shall” be present during the “imposition of sentence”). A defendant’s right to be present extends to resentencing following a successful rule 3.800(b) motion. See Rivers v. State, 980 So.2d 599, 600-01 (Fla. 2d DCA 2008). Violation of this fundamental right is reversible error. See Blair v. State, 25 So.3d 46, 48 (Fla. 5th DCA 2009); Orta v. State, 919 So.2d 602, 604 (Fla. 3d DCA 2006); Roy v. State, 711 So.2d 1348, 1349 (Fla. 1st DCA 1998).
However, a court may resentence a defendant in his or her absence in two circumstances. First, a defendant may waive the right to be present. See Brown *529 v. State, 929 So.2d 675, 677 (Fla. 5th DCA 2006); Smith v. State, 655 So.2d 1271, 1272 (Fla. 1st DCA 1995). But to be effective, the waiver must be knowingly, intelligently, and voluntarily made. See Miller v. State, 833 So.2d 318, 319 (Fla. 2d DCA 2003). Second, a defendant need not be present at resentencing if the error to be corrected is “purely ministerial” or clerical, and involves no exercise of the court’s discretion. See Christian v. State, 5 So.3d 787, 787 (Fla. 1st DCA 2009); Rivers v. State, 980 So.2d 599, 600 (Fla. 2d DCA 2008). Ministerial or clerical corrections include, e.g., striking an improper violent career criminal designation, see Mullins v. State, 997 So.2d 443, 445 (Fla. 3d DCA 2008); entering a written sentence where none existed before, see Williams v. State, 697 So.2d 584, 584 (Fla. 4th DCA 1997); or changing the written sentence to conform to the oral pronouncement of sentence, see Frost v. State, 769 So.2d 443, 444 (Fla. 1st DCA 2000).
Neither circumstance is present in this ease. Defense counsel’s consent did not serve, under the facts here, to waive Appellant’s right to be present at resen-tencing. Cf. Allen v. State, 799 So.2d 284, 285-86 (Fla. 5th DCA 2001). And the resentencing in this case was not purely ministerial. See Christian, 5 So.3d at 787. Upon concluding, based on Appellant’s rule 3.800(b)(2) motion, that the attempted murders are subject not to life sentences, but to maximum terms of 30 years,[3] the trial court was not bound to impose the maximum terms. Rather, the court had the discretion to impose sentences anywhere between the 20-year mandatory minimum and the 30-year maximum. See, e.g., Phillips v. State, 705 So.2d 1320, 1322 (Fla.1997) (characterizing post-remand re-sentencing as a completely new proceeding in which trial court is not obliged to make same findings as those made at prior sentencing proceeding). Accordingly, we reverse Appellant’s sentences and remand for resentencing with Appellant present.
AFFIRMED in part; REVERSED in part; and REMANDED. CONFLICT CERTIFIED.
WOLF, DAVIS, VAN NORTWICK, PADOVANO, LEWIS, THOMAS, ROBERTS, CLARK, WETHERELL, ROWE, RAY and MAKAR, JJ., concur.
BENTON, C.J., concurs in an opinion joined by SWANSON, J.

.
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, ... the felony for which the person is charged shall be reclassified as follows:
(b) In the case of a felony of the second degree, to a felony of the first degree.
§ 775.087(l)(b), Fla. Stat. (2008).

. See ch. 99-12, § 1, at 540, Laws of Fla.

. See §§ 775.082(3)(b), 775.087(l)(b), Fla. Stat. (2008).