# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1147
Lower Tribunal No. 96-5184
_____

**William Shaun Jordan,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

William Shaun Jordan, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

William Shaun Jordan ("Jordan") filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, he alleged that his sentences for these offenses (committed in 1995) were illegal because the two three-year minimum mandatory sentences (for two aggravated assaults with a firearm) were imposed consecutively, even though they arose from a single criminal episode.

The trial court summarily denied the motion, concluding that the motion was successive and frivolous. On appeal, the State properly concedes that the motion was not successive. Although the State acknowledges that the trial court erred in denying the motion on this basis, it asserts that we should nevertheless affirm on the basis that Jordan can suffer no prejudice as he has already served the two three-year minimum mandatory sentences, thus mooting the issue. We do not agree.

Jordan was charged by information with three crimes committed in January 1996: one count of attempted first-degree murder of a law enforcement officer, and two counts of aggravated assault on two different law enforcement officers. Following trial, Jordan was convicted and sentenced as follows:

> **Count One**
> Attempted Second-Degree Murder of a Law Enforcement Officer with a Firearm (upon Officer Macken): thirty years in prison with a three-year minimum mandatory[1];

---

[1] Jordan is not challenging the sentence for Attempted Second-Degree Murder.

2

**Count Two**

Aggravated Assault of a Law Enforcement Officer with a Firearm (upon Officer Gallagher): five years in prison with a three-year minimum mandatory, to be served **consecutively** to the sentence in Count One; and

**Count Three**

Aggravated Assault of a Law Enforcement Officer with a Firearm (upon Officer Guerrier): five years in prison with a three-year minimum mandatory, to be served **consecutively** to the sentences in Counts One and Two.

As a result, it would appear Jordan is currently serving his 30-year sentence for Count One,[2] and has not yet begun serving either of his consecutive sentences (including the minimum mandatory portions) for Counts Two and Three. The claim is therefore not moot. Moreover, we cannot determine from the record provided whether the consecutive three-year mandatory minimum sentences for

---

[2] The State acknowledges in its brief that Jordan would be entitled to no gain time during the first three years of his minimum mandatory sentences and would be required to serve this three-year portion of his thirty-year sentence day-for-day. Jordan's three-year minimum mandatory sentence for Count One would have expired in 1999, and thereafter he would have begun serving the remainder of that sentence (27 years). Even if at that point he became eligible for gain time, Florida law requires that he serve 85% (or 22.95 years) of the remaining 27 years of that 30-year sentence. See § 944.275(4)(b)3, Fla. Stat. (1997). It would therefore appear that Jordan is still serving his sentence for Count One, and that sentence will not expire until, at the earliest, sometime in 2021.

3

multiple counts of aggravated assault with a firearm were allegedly committed during a single criminal episode and whether such sentences are illegal.[3]

We therefore reverse and remand for the trial court to conduct any further hearing as necessary or to enter an order with record attachments conclusively establishing Jordan is not entitled to relief. <u>See</u> Fla. R. App. P. 9.141(b)(2)(D).

Reversed and remanded with instructions.

---

[3]It should be noted that Jordan was convicted of crimes committed in 1996 and he was sentenced pursuant to the 1996 version of section 775.087, Florida Statutes. That statute has since been amended and cases applying the amended version of that statute may well be inapplicable to the analysis of the legality of Jordan's sentence under the 1996 version. <u>See generally</u>, <u>State v. Sousa</u>, 903 So. 2d 923 (Fla. 2005) and cases cited.