967 So.2d 1073 (2007)
Shawntrell CHURCH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3371.
District Court of Appeal of Florida, Second District.
November 9, 2007.
*1074 James Marion Moorman, Public Defender, and Lisa B. Lott, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
DAKAN, STEPHEN L., Associate Senior Judge.
Shawntrell Church appeals his conviction for three counts of armed robbery with a firearm and his three consecutive ten-year sentences. The trial court imposed a mandatory minimum of ten years on each count. Mr. Church assigns as error the trial court's denial of his motion to suppress evidence of his identification and the court's imposition of the consecutive sentences. We find that the trial court correctly denied his motion to suppress and we affirm his convictions. We conclude, however, that the case law interpreting section 775.087(2)(d), Florida Statutes (2002), requires reversal of his sentences and a remand for resentencing.
On February 23, 2003, Mr. Church committed three counts of armed robbery at the GTE Federal Credit Union in St. Petersburg. During the robbery of three tellers, he displayed a firearm but did not fire it. None of the tellers was injured. Under current case law this was a single criminal episode. Mr. Church was convicted of three counts of armed robbery with a firearm. The trial court sentenced him to three consecutive ten-year terms and announced that a ten-year mandatory minimum would apply to each count.
Section 812.13, Florida Statutes (2002), provides that robbery with a firearm is a first-degree felony punishable by imprisonment for a term of years not exceeding life.
Section 775.087(2)(a)(1), establishes a mandatory minimum of ten years in prison for a person convicted of armed robbery who actually possessed a firearm during the robbery. In 1999, the legislature added subsection (2)(d) to the statute which states:
It is the intent of the Legislature that offenders who actually possess . . . firearms . . . be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
Case law interpreting this subsection holds that imposition of consecutive mandatory minimum sentences of any duration is prohibited in a case involving a single criminal episode during which a firearm is used but not fired.
In State v. Sousa, 903 So.2d 923 (Fla. 2005), the defendant was convicted of two counts of attempted murder with a firearm and one count of aggravated assault with a firearm all resulting "from a shooting spree at a greyhound track with two of the victims being shot by Sousa in rapid succession during a single criminal episode." Id. The trial court imposed consecutive sentences totaling 105 years of imprisonment, each including a mandatory minimum. The Florida Supreme Court approved the sentences and reaffirmed its holding in State v. Christian, 692 So.2d 889 (Fla.1997), which had been decided before the passage of subsection 775.087(2)(d). In Christian, the court stated:
As a general rule, for offenses arising from a single episode, stacking is permissible *1075 where the violations of the mandatory minimum statutes cause injury to multiple victims, or multiple injuries to one victim. The injuries bifurcate the crimes for stacking purposes. The stacking of firearm mandatory minimum terms thus is permissible where the defendant shoots at multiple victims, and impermissible where the defendant does not fire the weapon.
Id. at 890-91. In Hargrove v. State, 905 So.2d 275 (Fla. 2d DCA 2005), this court held that consecutive sentences were permitted where the evidence showed that Hargrove had fired his weapon at each of two occupants of a vehicle, wounding one.
In Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2007), the court observed that "each of Irizarry's offenses was a 10-20-life offense, that each offense arose from a single criminal episode, and that, during this criminal episode, Irizarry did not injure multiple victims or cause multiple injuries to any one victim. Nor did he fire his gun." Id. at 558. The court cited Sousa and Christian in holding that under those circumstances the trial court did not have the legal authority to impose consecutive mandatory minimum sentences for each count.
We agree with the holding in Irizarry and conclude that under Sousa and Christian the trial court did not have authority to impose consecutive mandatory minimum sentences. Accordingly, we vacate the sentences and remand for resentencing.
Convictions affirmed; sentences vacated and remanded.
CASANUEVA and STRINGER, JJ., Concur.