CASANUEVA, Judge.
 

 Roberto E. Denizard appeals his sentences after the trial court denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b) and raises three issues. We affirm in part and reverse in part.
 

 Mr. Denizard was charged with multiple counts and pleaded open in six cases. The counts in each case were the following: In circuit court case no. 07-02773, violation of community control for possession of cocaine and possession of drug paraphernalia; in circuit court case no. 07-14640, armed robbery with a firearm of two victims and armed burglary of a conveyance with a firearm, all in the same criminal episode; in circuit court case no. 07-14641, armed robbery with a firearm against one victim and aggravated assault against another victim in the same criminal episode; in circuit court case no. 07-14642, robbery; in circuit court case no. 07-14659, armed robbery with a firearm; and in circuit court case no. 07-15301, attempted robbery with a weapon, burglary of a conveyance with a weapon, and aggravated battery with a weapon, all against one victim. The trial court imposed incarceration on eleven counts,
 
 [1]
 
 ranging from five years to forty years, all concurrent. However, the trial court also imposed consecutive ten-year minimum mandatory terms for the four counts in which Mr. Denizard brandished a firearm. Thus, even though his longest sentence was forty years, his total sentence was effectively a minimum mandatory forty years.
 
 [2]
 
 On appeal, Mr. Deni-
 
 *161
 
 zard contends (1) that the trial court erred in sentencing him for one of the counts in circuit court case no. 07-15301, (2) that the trial court erred in ordering that the two ten-year minimum mandatory sentences in circuit court case no. 07-14640 be consecutive, and (3) that the trial court abused its discretion in basing its sentencing scheme on juvenile dispositions that occurred more than nine years prior to the instant offenses, on adult charges that were dismissed due to lack of evidence, and on hearsay about an alleged battery on a pregnant victim.
 

 In his first claim Mr. Denizard raises an issue of fundamental error. In count one of circuit case no. 07-15301, Mr. Denizard pleaded guilty to attempted armed robbery with a deadly weapon (a floor jack handle). Attempted armed robbery with a deadly weapon is classified by statute as a second-degree felony bearing a maximum penalty of up to fifteen years’ imprisonment.
 
 See
 
 §§ 812.13(2)(a), 777.04(4)(c), 775.082, Fla. Stat. (2007). However, here the trial court imposed a sentence of thirty years’ incarceration because it reclassified the crime to a first-degree felony.
 
 See
 
 § 812.13(2)(a), Fla. Stat. (2007) (“If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree .... ”). Mr. Denizard contends the sentence is illegal. The State concedes error and we agree. The offense to which Mr. Denizard pleaded guilty, attempted armed robbery with a deadly weapon, is one where the use of a weapon constitutes an essential element of the crime.
 
 See Tripp v. State,
 
 610 So.2d 1311 (Fla. 1st DCA 1992),
 
 affirmed,
 
 642 So.2d 728, 730 n. 2 (Fla.1994) (reclassification of an attempted armed robbery from a second-degree felony to a first-degree felony where a weapon is involved is improper where an essential element of the offense was the use of a weapon). Accordingly, we reverse the judgment which improperly reclassified the crime as a first-degree felony; the judgment should show that he was found guilty of a second-degree felony. We also reverse the thirty-year sentence imposed for this count and remand for imposition of a sentence of not more than fifteen years.
 

 Next, Mr. Denizard asserts that the imposition of consecutive mandatory minimum ten-year sentences as to counts one and two in case no. 07-CF-014640 was error. The facts adduced at the change of plea hearing established that counts one and two involved separate victims. Mr. Denizard pointed his gun at the victim in count two, the vehicle’s passenger, and then took property from this passenger and the driver who was the victim in count one; but at no time did he actually fire the weapon. Specifically, Mr. Deni-zard contends that because the two counts arose from the same criminal episode the mandatory minimum sentence for each count cannot be consecutive.
 

 The State again concedes error and we agree.
 
 Church v. State,
 
 967 So.2d 1073 (Fla. 2d DCA 2007), is dispositive. In
 
 Church,
 
 this court, applying
 
 State v. Sousa,
 
 903 So.2d 923 (Fla.2005), concluded that “imposition of consecutive mandatory minimum sentences of any duration is prohibited in a case involving a single criminal episode during which a firearm is used but not fired.” 967 So.2d at 1074.
 

 We further note, as the State points out, that the written sentencing document differs from the oral pronouncement for count three in this case. For count three, the trial court orally pronounced a sentence of forty years for the armed burglary of a conveyance but the written sentence for this count shows the sentence to be four years.
 
 See Guerra v. State,
 
 927 So.2d 248, 249 (Fla. 2d DCA 2006) (“If a
 
 *162
 
 discrepancy exists between the written sentence and the oral pronouncement, the written sentence must be corrected to conform to the oral pronouncement.
 
 Ashley v. State,
 
 850 So.2d 1265, 1268 (Fla.2003).”). The trial court, on remand, shall correct this error.
 

 Finally, Mr. Denizard claims that the trial court abused its discretion when imposing sentence by considering aspects of his prior record that he contends were either too remote or did not result in conviction. For the former, he relies on
 
 Graham v. State,
 
 950 So.2d 526, 526 (Fla. 4th DCA 2007) (“It was error to fail to delete from Graham’s sentencing score-sheet prior juvenile dispositions on offenses committed more than five years before the offense for which he was being sentenced.”). And, for the latter, he relies on the prejudicial and irrelevant nature of details the court noted of charges that were dismissed or did not result in conviction. Even disregarding the items of which Mr. Denizard complains, the result of the sentencing hearing would have been the same. Therefore, we cannot find that the court abused its discretion. Given the multiple crimes and their egregious nature, it is clear to this court why the trial court sought to remove him from the streets of the community for a long time.
 

 We affirm the convictions in all cases, reverse the judgment and the sentence for count one in circuit court case no. 07-15301, affirm in part and reverse in part the sentences in circuit court case no. 07-14640, and remand with directions to correct the sentences and written judgments as outlined above.
 

 KELLY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . The sentence for the twelfth count, possession of drug paraphernalia, was “time served.”
 

 [2]
 

 . The trial court in this way precluded Mr. Denizard from benefitting from the eighty-five percent rule in section 944.275(4)(b)(3), Florida Statutes (2007). This section states in relevant part:
 

 For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner’s release, prior to serving a minimum of 85 percent of the sentence imposed. For purposes of this sub-paragraph, credits awarded by the court for time physically incarcerated shall be credited toward satisfaction of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gain-time awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed.