NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


ROBERTO DENIZARD,                )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No. 2D14-2727
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____ )

Opinion filed January 30, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Dane K. Chase of Chase Law Florida,
P.A., St. Petersburg, for Appellant.


VILLANTI, Judge.

          Roberto Denizard appeals the summary denial of his motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.850, which the

postconviction court found was untimely.  Because the motion was, in fact, timely filed,

we reverse and remand for the postconviction court to consider the motion on its merits.

In 2008, Denizard entered open guilty pleas in six cases with multiple counts, and he was sentenced to a total of forty years' imprisonment. After a grant of belated appeal of his judgments and sentences, this court affirmed the convictions in all cases, reversed in part the sentences for count one in circuit court case no. 07-15301 and counts one and two in circuit court case no. 07-14640, and remanded with directions to the trial court to correct the sentences and written judgments as outlined in the opinion. Denizard v. State, 79 So. 3d 159, 162 (Fla. 2d DCA 2012) (Denizard I). While mandate issued on February 27, 2012, Denizard was not actually resentenced until May 14, 2013. He did not appeal this sentence.

On April 22, 2014, Denizard filed his current motion, raising a facially sufficient claim of ineffective assistance of counsel. See Alcorn v. State, 121 So. 3d 419, 432 (Fla. 2013). However, the postconviction court denied the motion as untimely, finding that Denizard had two years after the February 27, 2012, mandate in which to file his postconviction motion. The postconviction court incorrectly concluded that Denizard's resentencing occurred as a result of a successful rule 3.800(b) motion, that the two-year timeframe in which to appeal was therefore not tolled, and that the trial court's actions after the issuance of the appellate mandate did not extend the direct review proceedings.

We noted in our prior opinion that Denizard appealed his sentence after the trial court denied his rule 3.800(b) motion, see Denizard I, 79 So. 3d at 160, but this observation does not, and could not, mean that his direct appeal was transformed into an appeal from a collateral proceeding. Rule 3.800(b) serves as a procedural device for preserving sentencing errors for review on direct appeal. See Brannon v. State, 850

So. 2d 452, 456 (Fla. 2003). Under the rule, a defendant may file "a 'motion to correct any sentencing error, including an illegal sentence' before filing an appeal or, when an appeal is pending, before the first brief is filed." Jackson v. State, 983 So. 2d 562, 569 (Fla. 2008) (quoting rule 3.800(b)). Unlike a ruling on a motion filed under rule 3.800(a), a ruling on a motion filed under rule 3.800(b) does not provide an independent basis for appeal. Rather, rule 3.800(b) solely provides a basis for preserving alleged sentencing errors for purposes of a direct appeal. Hence, the timeliness of any subsequent postconviction motion is calculated from the resolution of the mandate resulting from the direct appeal—not from the resolution of the rule 3.800(b) motion itself.

In this case, Denizard properly used rule 3.800(b) to preserve the sentencing errors made at his original sentencing for purposes of his direct appeal. And in resolving this direct appeal, this court reversed portions of Denizard's sentences in two of his cases and remanded with directions to the trial court to make the corrections as outlined in the opinion. On remand, Denizard was resentenced on May 14, 2013, in accordance with our mandate. Thus, his judgment and sentence became final when the thirty-day period for the filing of a direct appeal of the resentencing expired. See Gisi v. State, 135 So. 3d 493, 495 (Fla. 2d DCA 2014) ("Gisi was resentenced on May 5, 2010. Because he did not appeal the new sentence, it became final—and the clock under rule 3.850 began to run—when the thirty-day period for filing an appeal expired."); Skeens v. State, 853 So. 2d 494, 495 (Fla. 2d DCA 2003) ("For Skeens, since his conviction was affirmed by his initial direct appeal (Skeens I) and he did not appeal the sentence imposed after his second direct appeal (Skeens II), the direct appeal process ended and

- 3 -

his judgment and sentence became final on December 13, 2000, when the time expired for the filing of a direct appeal from his second resentencing.").

Accordingly, Denizard's motion was timely filed because the two-year time limit of rule 3.850 does not expire for him until June 14, 2015. <u>See</u> Fla. R. Crim. P. 3.850(b). We therefore reverse the summary denial of Denizard's facially sufficient motion as untimely and remand the case to the postconviction court to consider the motion on its merits.

Reversed and remanded.


NORTHCUTT and CASANUEVA, JJ., Concur.