NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD DELGADO CRUZ,　　　　　）
DOC #R04272,　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Petitioner,　　　　　　　）
　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　）　　　　Case No. 2D15-3142
　　　　　　　　　　　　　　　　　）
STATE OF FLORIDA,　　　　　　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Respondent.　　　　　　）
　　　　　　　　　　　　　　　　　）

Opinion filed April 15, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Polk County;
Roger A. Alcott, Judge.

Richard Delgado Cruz, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

　　　　　　In his petition filed under Florida Rule of Appellate Procedure 9.141(d),

Richard Delgado Cruz argues that his appellate counsel was ineffective for failing to file

a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure

3.800(b)(2).  See Fortner v. State, 23 So. 3d 1275, 1276 (Fla. 2d DCA 2010) (stating

that a claim that appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct a sentence that is not authorized by law is cognizable in a petition filed under rule 9.141(d)).  The State acknowledges that under this court's case law, Cruz is entitled to be resentenced; we grant Cruz's petition.[1]

A jury convicted Cruz of burglary of a dwelling while in actual possession of a firearm, robbery with a firearm while in actual possession of a firearm, three counts of kidnapping, and three counts of sexual battery while in actual possession of a firearm.  The trial court sentenced Cruz to life imprisonment on each count, all terms to run consecutively.  In addition, it imposed ten-year mandatory minimum terms on the counts in which Cruz was found to have been in actual possession of a firearm.  See § 775.087(2)(a)(1), Fla. Stat. (2012) (providing for the imposition of a ten-year mandatory minimum term of imprisonment when a defendant is convicted of an enumerated felony and actually possessed a firearm during the commission of the offense).

In his petition, Cruz argues that appellate counsel was ineffective for failing to file a motion under rule 3.800(b)(2) on the basis that his consecutive mandatory minimum terms are illegal because all of the offenses were committed during a single episode and he did not fire the gun.  See Irizarry v. State, 946 So. 2d 555, 558 (Fla. 5th DCA 2006) (holding that consecutive mandatory minimum sentences were not authorized when each offense arose from a single criminal episode during which Irizarry did not fire his gun or injure multiple victims or cause multiple injuries to any one victim).  As the State acknowledges, this court has stated its agreement with Irizarry in Church v.

---

[1]In his reply to the State's response, Cruz abandoned the second claim he raised in his petition.

State, 967 So. 2d 1073, 1075 (Fla. 2d DCA 2007) (agreeing with Irizarry and holding that the trial court did not have authority to impose consecutive mandatory minimum sentences for three counts of armed robbery with a firearm committed during a single criminal episode of robbery at a credit union during which Church displayed a firearm to three tellers but did not fire it). See also Denizard v. State, 79 So. 3d 159, 161 (Fla. 2d DCA 2012) (reversing consecutive ten-year mandatory minimum terms based on Church where defendant pointed his gun at both victims during a robbery but never fired it). We note that the supreme court has recently reiterated that "controlling precedent establishes . . . [that] consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." Williams v. State, No. SC13-1080, 2016 WL 825242, at *4 (Fla. Mar. 3, 2016).

Because Cruz's consecutive mandatory minimum sentences are illegal, appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct sentencing error. If appellate counsel had given the trial court the opportunity to correct the sentencing error and the court failed to do so, the issue would have been preserved for review. This court would have then been compelled to reverse the portion of the sentencing order that imposes consecutive mandatory minimum terms and remand for the trial court to impose the terms concurrently. Accordingly, because a new appeal would be redundant, we reverse Cruz's sentences for burglary of a dwelling while in actual possession of a firearm, robbery with a firearm while in actual possession of a firearm, and three counts of sexual battery while in actual possession of a firearm, and remand for resentencing in accordance with this opinion.

Petition granted.

WALLACE, SLEET, and BADALAMENTI, JJ., Concur.