IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 29, 2016

RICHARD DELGADO CRUZ,          )
DOC #R04272,                   )
                               )
          Petitioner,          )
                               )
v.                             )          Case No. 2D15-3142
                               )
STATE OF FLORIDA,              )
                               )
          Respondent.          )
_____)

Upon consideration of the Petitioner's motion for rehearing filed April 28,

2016, it is

ORDERED that the Petitioner's motion for rehearing is granted to the

extent that this court's opinion dated April 15, 2016, is hereby withdrawn, and the

attached opinion is substituted therefor.  The only change is in the first and last

paragraphs and the footnote of the substituted opinion.  In all other respects, the motion

is denied.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RICHARD DELGADO CRUZ,  )
DOC #R04272,           )
                       )
        Petitioner,    )
                       )
v.                     )               Case No. 2D15-3142
                       )
STATE OF FLORIDA,      )
                       )
        Respondent.    )
_____)

Opinion filed June 29, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel. Polk County;
Roger A. Alcott, Judge.

Richard Delgado Cruz, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Susan M. Shanahan,
Assistant Attorney General, Tampa, for
Respondent.

PER CURIAM.

Richard Delgado Cruz has filed a petition and a supplemental petition

under Florida Rule of Appellate Procedure 9.141(d) raising four claims of ineffective

assistance of appellate counsel. We find merit only in his claim in ground one of his

original petition that appellate counsel was ineffective for failing to file a motion to

correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

See Fortner v. State, 23 So. 3d 1275, 1276 (Fla. 2d DCA 2010) (stating that a claim that

appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct a sentence that is not authorized by law is cognizable in a petition filed under rule 9.141(d)). The State acknowledges that under this court's case law, Cruz is entitled to be resentenced as he argues in ground one. We grant ground one of Cruz's petition but deny the remaining claims of his supplemental petition.[1]

A jury convicted Cruz of burglary of a dwelling while in actual possession of a firearm, robbery with a firearm while in actual possession of a firearm, three counts of kidnapping, and three counts of sexual battery while in actual possession of a firearm. The trial court sentenced Cruz to life imprisonment on each count, all terms to run consecutively. In addition, it imposed ten-year mandatory minimum terms on the counts in which Cruz was found to have been in actual possession of a firearm. See § 775.087(2)(a)(1), Fla. Stat. (2012) (providing for the imposition of a ten-year mandatory minimum term of imprisonment when a defendant is convicted of an enumerated felony and actually possessed a firearm during the commission of the offense).

In his petition, Cruz argues that appellate counsel was ineffective for failing to file a motion under rule 3.800(b)(2) on the basis that his consecutive mandatory minimum terms are illegal because all of the offenses were committed during a single episode and he did not fire the gun. See Irizarry v. State, 946 So. 2d 555, 558 (Fla. 5th DCA 2006) (holding that consecutive mandatory minimum sentences were not authorized when each offense arose from a single criminal episode during which Irizarry did not fire his gun or injure multiple victims or cause multiple injuries to any one victim).

---

[1]In his reply to the State's response, Cruz abandoned the second claim he raised in his original petition.

As the State acknowledges, this court has stated its agreement with Irizarry in Church v. State, 967 So. 2d 1073, 1075 (Fla. 2d DCA 2007) (agreeing with Irizarry and holding that the trial court did not have authority to impose consecutive mandatory minimum sentences for three counts of armed robbery with a firearm committed during a single criminal episode of robbery at a credit union during which Church displayed a firearm to three tellers but did not fire it); see also Denizard v. State, 79 So. 3d 159, 161 (Fla. 2d DCA 2012) (reversing consecutive ten-year mandatory minimum terms based on Church where defendant pointed his gun at both victims during a robbery but never fired it). We note that the supreme court has recently reiterated that "controlling precedent establishes . . . [that] consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." Williams v. State, 186 So. 3d 989, 993 (Fla. 2016).

Because Cruz's consecutive mandatory minimum sentences are illegal, appellate counsel was ineffective for failing to file a rule 3.800(b)(2) motion to correct sentencing error. If appellate counsel had given the trial court the opportunity to correct the sentencing error and the court failed to do so, the issue would have been preserved for review. This court would have then been compelled to reverse the portion of the sentencing order that imposes consecutive mandatory minimum terms and remand for the trial court to impose the terms concurrently. Accordingly, because a new appeal would be redundant, we reverse Cruz's sentences for burglary of a dwelling while in actual possession of a firearm, robbery with a firearm while in actual possession of a

firearm, and three counts of sexual battery while in actual possession of a firearm and remand for resentencing in accordance with this opinion.

Petition granted in part and denied in part.

WALLACE, SLEET, and BADALAMENTI, JJ., Concur.