NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BYRON JENNINGS,                    )
                                   )
            Appellant,             )
                                   )
v.                                 )       Case No. 2D15-4451
                                   )
STATE OF FLORIDA,                  )
                                   )
            Appellee.              )
                                   )
_____     )

Opinion filed May 16, 2018.

Appeal from the Circuit Court for
Polk County; Wayne Durden, Judge.

Howard L. Dimmig, II, Public Defender,
and Benedict P. Kuehne, Special
Assistant Public Defender, Bartow, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrew Tetreault and
Jason M. Miller Assistant Attorneys
General, Tampa, for Appellee.

CRENSHAW, Judge.

Byron Jennings appeals the convictions and sentences imposed after a

jury found him guilty of one count of armed kidnapping and one count of sexual

battery with a deadly weapon.  Jennings was sentenced to fifteen years'

imprisonment for the armed kidnapping, which included a ten-year mandatory minimum sentence, and to twenty-five years' imprisonment for the sexual assault with a deadly weapon, which included a twenty-five-year mandatory minimum sentence; the trial court ordered the sentences to be served consecutively. We affirm Jennings' convictions without comment, but because the trial court improperly imposed consecutive mandatory minimum sentences pursuant to section 775.087(2)(d), Florida Statutes (2014), we reverse and remand for resentencing.

With regard to the sentencing issue, the State properly conceded error in its brief. See Williams v. State, 186 So. 3d 989, 993 (Fla. 2016) (holding that consecutive sentences of mandatory minimum terms for multiple firearm offenses are impermissible if the offenses arose from the same criminal episode and the firearm was not discharged). In the instant case, the trial court imposed consecutive mandatory minimum sentences for the armed kidnapping and the sexual assault with a deadly weapon charges. The State acknowledges that the trial court erred in imposing consecutive mandatory minimum sentences because there was no finding that the weapon was discharged, and the offenses arose out of the same criminal episode. See id; Church v. State, 967 So. 2d 1073 (Fla. 2d DCA 2007). Based on this error, we reverse and remand for resentencing.

Affirmed in part, reversed in part, and remanded for resentencing.

CASANUEVA and VILLANTI, JJ., Concur.