IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RICKY T. OLIVER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-4091

Opinion filed July 11, 2017.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Andy Thomas, Public Defender and Pamela D. Presnell, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Kathryn Lane, Assistant Attorney
General, Tallahassee, for Appellee.


ON REMAND FROM THE FLORIDA SUPREME COURT


PER CURIAM.

We previously affirmed Appellant's sentence based on our *en banc* decision

in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013) (Walton I), which held that

mandatory minimums under section 775.087, Florida Statutes, the 10-20-Life

statute, must be imposed consecutively regardless of whether the defendant possessed or discharged a firearm. However, the Florida Supreme Court's order, entered in Oliver v. State, SC15-1216, 2017 WL 2303265 (Fla. May 26, 2017), quashed this court's decision in Oliver v. State, 165 So. 3d 865 (Fla. 1st DCA 2015), and remanded for reconsideration in light of Walton v. State, 208 So. 3d 60 (Fla. 2016) (Walton II), and Williams v. State, 186 So. 3d 989 (Fla. 2016).

At trial, the jury returned a verdict finding Appellant guilty of two counts of attempted first degree murder involving two different victims. For both counts the jury specifically found that Appellant discharged a firearm causing great bodily harm. On August 8, 2013, Appellant was sentenced to consecutive terms of life imprisonment with a 25-year mandatory minimum on each count. At the time of sentencing, Walton I was binding on the trial court.

The Florida Supreme Court has now held that consecutive sentences under the 10-20-Life statute are not mandatory but are permissible where the firearm is discharged at multiple victims. "If, however, multiple firearm offenses are committed contemporaneously, during which multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." Williams, 186 So. 3d at 993. See also Walton II, 208 So. 3d at 64; § 775.087(2)(d), Fla. Stat. Accordingly, the trial court's directive that the sentence imposed for count 2 shall run consecutively with the sentence for count 1, both counts imposing mandatory

minimum sentences pursuant to section 775.087(2)(a), Florida Statutes, is reversed and this case remanded for resentencing only on the issue of consecutive or concurrent service of the sentences on the attempted first degree murder counts.

REVERSED and REMANDED with directions.

WOLF, WETHERELL, and BILBREY, JJ., CONCUR.