IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL DENNARD
GOODSON,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-3549

Opinion filed September 5, 2017.

An appeal from the Circuit Court for Duval County.
Suzanne Bass, Judge.

Andy Thomas, Public Defender, and Megan Lynne Long, Assistant Public Defender, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, for Appellee.

PER CURIAM.

 We previously affirmed Appellant's sentence based on our *en banc* decision in Walton v. State, 106 So. 3d 522 (Fla. 1st DCA 2013) (Walton I), which held that mandatory minimums under the 10-20-Life statute must be imposed consecutively regardless of whether the defendant possessed or discharged a firearm. However,

the Florida Supreme Court quashed our decision in this case and remanded for reconsideration in light of its decisions in Walton v. State, 208 So. 3d 60 (Fla. 2016) (Walton II), and Williams v. State, 186 So. 3d 989 (Fla. 2016). See Abrams v. State, 42 Fla. L. Weekly S680 (Fla. May 26, 2017).

In Williams, the Court held that "consecutive sentencing of mandatory minimum imprisonment terms for multiple firearm offenses is impermissible if the offenses arose from the same criminal episode and a firearm was merely possessed but not discharged." 186 So. 3d at 993; accord Walton II, 208 So. 3d at 64. But, the Court also held that "[i]f . . . multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory." Williams, 186 So. 3d at 993.

Here, the jury found Appellant guilty of discharging a firearm in each of the charged offenses. At sentencing, the trial court stated that it was bound by this court's decision in Walton I to impose consecutive mandatory minimum sentences. The trial court stated that it was disallowed from identifying this incident—where Appellant discharged a firearm multiple times into a billiards hall where multiple people were working and playing billiards—as a single episode, and consequently disallowed from imposing a single 20-year term. The trial court also stated that it was

2

required to impose a minimum mandatory 20 years to each count to be served consecutively without regard or consideration of defendant's minimal criminal history or any other extenuating circumstances that may be present in this case. The ability of the trial court to exercise any discretion to determine an appropriate sentence for defendant where the State has provided [competent] and substantial evidence to support a jury verdict of attempted second degree murder through the discharge of a firearm has been entirely taken from the trial court's authority.

But the offenses occurred in the same episode and involved multiple victims. Thus, the trial court had discretion to impose concurrent or consecutive mandatory minimum sentences in this case. Accordingly, because it is clear the trial court would not have imposed the same sentence if it was not bound by Walton I, we reverse Appellant's sentence and remand for resentencing in accordance with Williams and Walton II.

We affirm the remaining issues on appeal.

AFFIRMED in part; REVERSED in part; REMANDED for resentencing.

WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.

3